IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PAUL W. DANIELS, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>YRC, INC., a Delaware Corporation; YRC LOGISTICS GLOBAL, LLC, aka MIQ GLOBAL, LLC, a Delaware Limited Liability Company; YRC FREIGHT; and John Does 1-5,<br><br>Defendants. | Case No. CV-12-129-BLG-RFC<br><br><br>ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS |

**I.  INTRODUCTION**

Plaintiff Paul Daniels, Jr. brings causes of action for negligence, defamation, and wrongful discharge under Montana's Wrongful Discharge From Employment Act ("WDEA") against his former employer. Defendants have moved to dismiss the negligence and defamation claims on the grounds that they arise out of the discharge and are therefore preempted by the WDEA. Doc. 6. Defendants also argue that two of the allegedly defamatory statements are privileged and therefore do not give rise to a legally cognizable cause of action.

1

**II.   ANALYSIS**

A claim is subject to dismissal under Rule 12(b)(6) Fed.R.Civ.P. if it lacks a cognizable legal theory. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). Except with regard to other statutes that prohibit discharge and discrimination on other grounds, a WDEA claim is the "exclusive remedy for a wrongful discharge from employment" under Montana law. *Kulm v. Montana State University-Bozeman*, 948 P.2d 243, 245 (Mont. 1997); Mont Code Ann. §§ 39-2-902, 39-2-912. The WDEA explicitly preempts all common law remedies for wrongful discharge, providing that "no claim for discharge may arise from tort or express or implied contract." *Id.*, citing Mont. Code Ann. § 39-2-913. Moreover, under the WDEA, "[t]here is no right under any legal theory to damages for wrongful discharge under this part for pain and suffering, emotional distress, compensatory damages, punitive damages, or any other form of damages, except as provided for in [the WDEA]." *Id., citing* Mont. Code Ann. § 39-2-905.

The WDEA does not bar all tort or contract claims arising in the employment context, however, just those that are inextricably intertwined with the discharge and whose claims for damages are caused by an asserted wrongful discharge. *Kulm,* 948 P.3d at 246. Stated otherwise, other causes of action are precluded if the claims were contingent upon termination and unless the plaintiff

could bring the claim regardless of whether she was still employed. *Id.*

The Complaint alleges that the reason Defendants gave for terminating Daniels were pretextual. Specifically, the Complaint alleges Daniels was a longtime, award-winning employee of Roadway Express trucking who by 2009 had worked his way up to Terminal Manager in Billings. In 2009, Roadway formally merged with Yellow Corporation. As a result of this merger, Dale Elsberry, a Yellow employee, became Daniels' supervisor. Daniels alleges Elsberry was upset that Daniels was paid more and was allotted more leave time.

On August 24, 2011, Daniels drove an ATV a distance of 200 yards and back to give another employee a work assignment. After Daniels left for the day, two other employees were observed recklessly riding the ATV. An anonymous complaint was lodged. A subsequent investigation revealed that Daniels was not driving the ATV in a dangerous manner, but Daniels was nonetheless placed on administrative leave pending the outcome of the investigation. Although neither of the other two employees nor their supervisor were discharged or disciplined, Daniels was discharged on September 2, 2011. The stated justification was violating the Company Code of Conduct by placing the Company and public at risk on August 24, 2011 due to egregious errors in judgment.

Daniels tried to appeal the termination through the internal grievance process, but Defendants did not respond to the appeal. During the Unemployment Insurance Compensation proceedings, Defendants contested Daniels' claim and told the UI Investigator that Daniels had no right to file a grievance and that he needed a subpoena for his personnel file. The UI Investigator found that Daniels did not violate the Code of Conduct or any other policy and did not intentionally disregard any obligation to Defendants. Defendants requested reconsideration, but the initial determination was affirmed. Defendants then appealed the UI decision, but it was affirmed after a hearing. Daniels filed suit in state court in August 2012. Defendants removed to this Court one month later.

At issue here are Daniels' claims for defamation and negligence. They alleges as follows:

## COUNT II
## DEFAMATION

36. Plaintiff Daniels realleges paragraphs 1 through 35 of this Complaint as if fully set forth verbatim.

37. On information and belief, Elsberry during his investigation of the anonymous complaint informed other employees that Daniels was operating the ATV at high rate of speed, in a dangerous manner, and/or performing stunts.

38. During the UI Compensation proceedings, Defendants communicated to

the UI investigator/claims adjuster and hearings officer that Daniels violated its Code of Conduct.

39. During the Unemployment Compensation proceedings, Defendants submitted a document entitled "Notice of Termination". Under "Comments (resignation/termination reasons)" this Notice reads "Terminated for integrity. Not eligible for rehire."

40. The foregoing statements, documents, and communications of Defendants and Elsberry are untrue and false.

41. Defendants knew the statements, documents, and communications were false, acted in reckless disregard of whether the statements, documents, and communications were false, or acted negligently in failing to ascertain their truth or falsity.

42. The foregoing statements, documents, and communications were not privileged.

43. As a direct and proximate result of the Defendants' actions, Plaintiff has been damaged in an amount to be proven at trial.

COUNT III
NEGLIGENCE

44. Plaintiff Daniels realleges paragraphs 1 through 43 of this Complaint as if fully set forth verbatim.

45. The employees of the Defendants have a duty to exercise a reasonable degree of skill in performing their duties or services for the Defendants.

46. The employees of the Defendants breached their duty during the investigation of the anonymous complaint, in the documentation of the investigation and any disciplinary action, and in the communication with third parties.

47. As a direct and proximate result of the Defendants' and their employees' actions, Plaintiff has been damaged in an amount to be proven at trial.

48. Defendants are responsible and liable for the acts of their employees committed in the course of their employment with the Defendants.

The defamation claim alleges three defamatory statements made by Defendants: (1) Elsberry told other employees during the investigation that Daniels recklessly drove the ATV; (2) Defendants told the UI investigator and hearings officer that Daniels violated the Code of Conduct; and (3) Defendants submitted a document during the UI Compensation proceedings stating that Daniels was terminated and ineligible for rehire due to lack of integrity.  As these claims are contingent upon the discharge and could not have been brought if Daniels was still employed, they must be dismissed for failure to state a legally cognizable claim.

Daniels cites *Ruzicka v. First Healthcare Corp.* in support of his claim that the defamation was not inextricably intertwined with the discharge.   45 F.Supp.2d 809 (D.Mont. 1997).  In *Ruzicka*, the plaintiff was discharged from her position as a nurse for allegedly ordering nursing home staff to withhold food from a patient. 45 F.Supp.2d at 811.  After the discharge, the employer took the extra step of reporting the plaintiff to the Montana Board of Nursing.  *Id.*  This Court refused

defendant's invitation to dismiss the "malicious damage to professional reputation" claim as preempted, holding that her defamation claim was separate and independent from the discharge claim. 45 F.Supp.2d at 812.

Daniels also cites *Beasley v. Semitool, Inc.,* for the proposition that his negligence and defamation claims are not "completely and inextricably intertwined" with the allegedly wrongful discharge. 853 P.2d 84, 87 (Mont. 1993). In that case, Beasley resigned after his employer Semitool failed to follow through with the compensation package it had promised. Beasley sued for breach of the employment contract, bad faith, and wrongful constructive discharge. The breach of contract and bad faith claims were dismissed by the district court as preempted by the WDEA, but the Montana Supreme Court reversed, holding that the issue of whether Beasley was compensated properly during his employment was independent from whether he was wrongfully discharged. 853 P.2d at 86-87. Although it would have been awkward, Beasley could have continued to work for Semitool while suing to recover the compensation he was promised.

This case is unlike *Beasley* or *Ruzicka* because neither of Daniels' claims could be brought were he not discharged. Two of the allegedly defamatory

statements were made to the Unemployment Insurance Compensation Division.[1] Such claims could obviously not be brought if Daniels were still employed. With respect to Elsberry telling other employees that Daniels recklessly drove the ATV, the Complaint alleges Elsberry did so during the investigation that led to Daniels' discharge. As such these allegedly defamatory statements are inextricably intertwined with the discharge and not cognizable under Montana law.

Daniels' negligence claim alleges Defendants breached their duty during the investigation of the anonymous complaint, in the documentation of the investigation and any disciplinary action, and in the communication with third parties. Again, these allegedly negligent acts are completely and inextricably intertwined with the discharge. If Daniels were still employed, he would not have been damaged and would therefore not have a valid negligence cause of action challenging Defendants' mishandling of the investigation, discharge, and Unemployment Insurance proceedings

Finally, although courts should ordinarily grant leave to amend when dismissing claims for implausibility, leave to amend is not required where

---

[1] In addition, statements made in official proceedings authorized by law are privileged and do not give rise to a defamation claims. *See* Mont. Code Ann. §§ 27-1-801-803, 804(2). Accordingly, the defamation claim must fail as to the statements made during Unemployment Insurance Division proceedings.

amendment would be futile because these causes of action could not be cured by the allegation of additional facts. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003). Here, it is obvious that Daniels's claims are inextricably intertwined with the discharge and that his claims for damages are caused by an allegedly wrongful discharge.

## IV. ORDER

For those reasons, **IT IS ORDERED** that Defendants' Rule 12(b)(6) Partial Motion to Dismiss (doc. 6) is **GRANTED**: Count II, alleging Defamation, and Count III, alleging Negligence, are **DISMISSED WITH PREJUDICE**.

Dated this 5th day of February, 2013.

> */s/ Richard F. Cebull*\_\_\_\_\_
> Richard F. Cebull
> United States District Judge